**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AZELLA ASHLEY,

    Plaintiff,

vs.                                                Case No.: 3:17-cv-01446-BJD-PDB

DRIVETIME CAR SALES
COMPANY, LLC and
BRIDGECREST CREDIT
COMPANY, LLC,

    Defendants.
_____/

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES
AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ALZELLA ASHLEY[1], and pursuant to Fed. R. Civ. P. 15(a)(1), hereby amends Plaintiff's initial complaint, stating as follows:

**I.    INTRODUCTION**

1.    This is an action for injunctive relief and damages brought by an individual consumer, ALZELLA ASHLEY, for violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), by Defendants, DRIVETIME CAR SALES COMPANY, LLC ("DCS"), and BRIDGECREST CREDIT COMPANY ("BCC"). Fundamentally, this case is about the Defendants' refusal to respect Ms.

---

[1] Due to a scrivener's error Plaintiff's name was originally listed in the caption as "Azella." Plaintiff will file a motion to correct the caption post haste.

Ashley's personal and legal rights in their attempts to collect an alleged debt from Ms. Ashley.

## II.     JURISDICTION

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.  This Court has supplemental jurisdiction over Ms. Ashley's FCCPA claims pursuant to 28 U.S.C. § 1367.

## III.    PARTIES

3.      Plaintiff, ALZELLA ASHLEY, is a natural person.  Ms. Ashley is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(8), and a "person" as defined by the TCPA, 47 U.S.C. § 227(a)(2)(A).  Plaintiff is also the "called party" for purposes of the TCPA.  See Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

4.      Defendant, DCS, whose principal address is located at 1720 W. Rio Saldado Parkway, Tempe, AZ 85821, is a "buy here, pay here" used car retailer.  Upon information and belief, DCS is a subsidiary of DRIVETIME SALES AND FIANCE COMPANY, LLC ("DSFC"), which is a subsidiary of DRIVETIME AUTOMOTIVE GROUP, INC. ("DAG").

5.      Defendant, BCC, whose principal address is located at 7300 E. Hampton Ave., Suite 101, Mesa, AZ 85209, is a servicing arm of DCS, and services accounts on behalf of DCS, including collection of DCS accounts.  BCC formerly conducted business in Florida as DT Credit Company, LLC.  Upon information and belief, BCC is a subsidiary of BRIDGECREST ACCEPTANCE CORPORATION ("BAC").

6. Upon information and belief, the Defendants share an office located at 1720 W. Rio Saldado Parkway, Tempe, AZ 85821.

## IV. BACKGROUND

7. Ms. Ashley has an alleged debt to DCS arising out of personal, family, or household purposes. The alleged debt is a "consumer debt" as defined by the FCCPA, Fla. Stat. § 559.55(6).

8. Ms. Ashley, facing numerous financial difficulties, began to fall behind on Ms. Ashley's bills, including the alleged debt to DCS.

9. Ms. Ashley is the regular user of the cellular telephone number at issue, ***-***-4313 (the "cellular telephone").

10. Prior to November 4, 2014 DCS and BCC began calling Ms. Ashley's cellular telephone in an effort to collect the alleged debt.

11. DCS and BCC willfully communicated with Ms. Ashley by means of at least two hundred nineteen (219) telephone calls to Ms. Ashley's cellular telephone between November 4, 2014 and September 30, 2015.

12. Table 1 displays the dates and times of at least some of the telephone calls made by DCS and BCC to Ms. Ashley's cellular telephone between November 4, 2014 and September 30, 2015.

**TABLE 1**
Telephone Calls Made to Plaintiff's Cellular Telephone Between
November 14, 2014 and September 30, 2015

| DATE | TIME | DATE | TIME | DATE | TIME |
| --- | --- | --- | --- | --- | --- |
| 11/04/2014 | 9:35 A.M. | 01/26/2015 | 3:50 P.M. | 04/11/2015 | 12:54 P.M. |
| 11/04/2014 | 1:55 P.M. | 01/28/2015 | 1:04 P.M. | 04/11/2015 | 12:54 P.M. |
| 11/04/2014 | 1:55 P.M. | 01/29/2015 | 11:35 A.M. | 04/12/2015 | 9:56 A.M. |

| 11/05/2014 | 12:37 P.M. | 01/30/2015 | 11:14 A.M. | 04/14/2015 | 1:19 P.M. |
| --- | --- | --- | --- | --- | --- |
| 11/05/2014 | 3:03 P.M. | 01/30/2015 | 11:42 A.M. | 04/16/2015 | 2:06 P.M. |
| 11/05/2014 | 6:28 P.M. | 01/31/2015 | 10:22 A.M. | 04/16/2015 | 6:24 P.M. |
| 11/06/2014 | 12:47 P.M. | 01/31/2015 | 12:42 P.M. | 04/16/2015 | 6:24 P.M. |
| 11/06/2014 | 6:02 P.M. | 02/02/2015 | 10:45 A.M. | 04/16/2015 | 6:24 P.M. |
| 11/06/2014 | 7:05 P.M. | 02/02/2015 | 4:58 P.M. | 04/17/2015 | 3:14 P.M. |
| 11/06/2014 | 7:07 P.M. | 02/04/2015 | 9:14 A.M. | 04/20/2015 | 8:32 A.M. |
| 11/07/2014 | 12:29 P.M. | 02/04/2015 | 3:38 P.M. | 04/21/2015 | 10:36 A.M. |
| 11/07/2014 | 4:29 P.M. | 02/05/2015 | 9:12 A.M. | 04/21/2015 | 3:47 P.M. |
| 11/08/2014 | 12:32 P.M. | 02/05/2015 | 1:32 P.M. | 04/22/2015 | 11:24 A.M. |
| 11/10/2014 | 9:43 A.M. | 02/05/2015 | 6:18 P.M. | 04/22/2015 | 5:12 P.M. |
| 11/10/2014 | 7:36 P.M. | 02/05/2015 | 6:57 P.M. | 05/03/2015 | 6:32 P.M. |
| 11/11/2014 | 9:11 A.M. | 02/06/2015 | 9:11 A.M. | 05/19/2015 | 10:55 A.M. |
| 11/11/2014 | 7:20 P.M. | 02/06/2015 | 12:19 P.M. | 05/19/2015 | 8:36 P.M. |
| 12/03/2014 | 5:07 P.M. | 02/06/2015 | 3:03 P.M. | 05/20/2015 | 12:41 P.M. |
| 12/04/2014 | 3:00 P.M. | 02/06/2015 | 4:47 P.M. | 05/20/2015 | 6:50 P.M. |
| 01/02/2015 | 12:07 P.M. | 02/07/2015 | 9:27 A.M. | 05/21/2015 | 10:43 A.M. |
| 01/05/2015 | 11:12 A.M. | 02/07/2015 | 11:57 A.M. | 05/21/2015 | 10:43 A.M. |
| 01/06/2015 | 7:11 P.M. | 02/09/2015 | 9:59 A.M. | 05/21/2015 | 10:44 A.M. |
| 01/07/2015 | 9:36 A.M. | 02/09/2015 | 3:38 P.M. | 05/26/2015 | 1:23 P.M. |
| 01/14/2015 | 1:20 P.M. | 02/10/2015 | 5:10 P.M. | 05/27/2015 | 10:58 A.M. |
| 01/15/2015 | 12:08 P.M. | 02/11/2015 | 1:46 P.M. | 05/28/2015 | 9:46 A.M. |
| 01/16/2015 | 11:52 A.M. | 02/12/2015 | 1:33 P.M. | 05/28/2015 | 3:30 P.M. |
| 01/17/2015 | 9:30 A.M. | 02/13/2015 | 12:23 P.M. | 05/29/2015 | 1:37 P.M. |
| 01/17/2015 | 12:04 P.M. | 02/14/2015 | 9:41 A.M. | 06/05/2015 | 10:18 A.M. |
| 01/19/2015 | 10:16 A.M. | 02/14/2015 | 12:20 P.M. | 06/05/2015 | 10:19 A.M. |
| 01/19/2015 | 4:09 P.M. | 02/23/2014 | 6:58 P.M. | 06/05/2015 | 10:19 A.M. |
| 01/20/2015 | 9:38 A.M. | 03/09/2015 | 4:32 P.M. | 06/05/2015 | 4:04 P.M. |
| 01/20/2015 | 3:27 P.M. | 03/23/2015 | 10:12 A.M. | 06/10/2015 | 9:57 A.M. |
| 01/21/2015 | 9:21 A.M. | 04/08/2015 | 1:23 P.M. | 06/11/2015 | 9:27 A.M. |
| 01/21/2015 | 2:51 P.M. | 04/08/2015 | 1:23 P.M. | 06/11/2015 | 2:02 P.M. |
| 01/21/2015 | 4:10 P.M. | 04/08/2015 | 5:51 P.M. | 06/12/2015 | 9:15 A.M. |
| 01/22/2015 | 9:35 A.M. | 04/08/2015 | 5:51 P.M. | 06/12/2015 | 12:36 P.M. |
| 01/22/2015 | 12:53 P.M. | 04/09/2015 | 3:14 P.M. | 06/15/2015 | 11:38 A.M. |
| 01/22/2015 | 8:43 P.M. | 04/09/2015 | 8:31 P.M. | 06/17/2015 | 6:23 P.M. |
| 01/23/2015 | 9:09 A.M. | 04/10/2015 | 11:25 A.M. | 06/18/2015 | 7:00 P.M. |
| 01/23/2015 | 12:12 P.M. | 04/10/2015 | 4:28 P.M. | 06/20/2015 | 10:17 A.M. |
| 01/23/2015 | 3:51 P.M. | 04/11/2015 | 9:46 A.M. | 06/22/2015 | 9:58 A.M. |
| 01/24/2015 | 9:11 A.M. | 04/11/2015 | 9:46 A.M. | 06/23/2015 | 9:46 A.M. |
| 01/24/2015 | 11:47 A.M. | 04/11/2015 | 9:47 A.M. | 06/24/2015 | 10:11 A.M. |
| 01/26/2015 | 10:19 A.M. | 04/11/2015 | 12:54 P.M. | 06/24/2015 | 3:06 P.M. |
| 06/25/2015 | 9:45 A.M. | 08/14/2015 | 12:42 P.M. | 9/16/2015 | 11:30 A.M. |

| 06/25/2015 | 9:46 A.M.  | 08/15/2015 | 9:59 A.M.  | 9/17/2015 | 9:31 A.M.  |
| 06/26/2015 | 9:51 A.M.  | 8/17/2015  | 12:40 P.M. | 9/17/2015 | 1:54 P.M.  |
| 06/26/2015 | 12:30 P.M. | 8/17/2015  | 2:17 P.M.  | 9/17/2015 | 1:54 P.M.  |
| 06/26/2015 | 2:52 P.M.  | 8/18/2015  | 11:40 A.M. | 9/17/2015 | 1:54 P.M.  |
| 06/29/2015 | 12:14 P.M. | 8/19/2015  | 6:47 P.M.  | 9/17/2015 | 1:55 P.M.  |
| 07/14/2015 | 2:41 P.M.  | 8/21/2015  | 2:06 P.M.  | 9/17/2015 | 1:55 P.M.  |
| 07/14/2015 | 12:42 P.M. | 8/21/2015  | 4:44 P.M.  | 9/17/2015 | 1:55 P.M.  |
| 07/21/2015 | 9:58 A.M.  | 8/22/2015  | 9:45 A.M.  | 9/17/2015 | 3:23 P.M.  |
| 07/21/2015 | 9:59 A.M.  | 8/22/2015  | 10:23 A.M. | 9/18/2015 | 10:06 A.M. |
| 07/21/2015 | 9:59 A.M.  | 8/24/2015  | 1:42 P.M.  | 9/19/2015 | 8:39 A.M.  |
| 07/21/2015 | 9:59 A.M.  | 8/24/2015  | 2:27 P.M.  | 9/19/2015 | 9:12 A.M.  |
| 07/21/2015 | 9:59 A.M.  | 8/26/2015  | 8:34 P.M.  | 9/21/2015 | 12:39 P.M. |
| 07/21/2015 | 9:59 A.M.  | 8/27/2015  | 11:37 A.M. | 9/21/2015 | 3:24 P.M.  |
| 07/22/2015 | 10:44 A.M. | 8/27/2015  | 7:49 P.M.  | 9/21/2015 | 5:29 P.M.  |
| 07/29/2015 | 10:36 A.M. | 8/28/2015  | 4:21 P.M.  | 9/22/2015 | 1:01 P.M.  |
| 07/29/2015 | 10:36 A.M. | 8/28/2015  | 7:09 P.M.  | 9/22/2015 | 4:17 P.M.  |
| 08/03/2015 | 4:00 P.M.  | 8/29/2015  | 9:41 A.M.  | 9/23/2015 | 8:47 A.M.  |
| 08/04/2015 | 3:56 P.M.  | 8/31/2015  | 1:21 P.M.  | 9/23/2015 | 4:28 P.M.  |
| 08/05/2015 | 2:45 P.M.  | 8/31/2015  | 1:50 P.M.  | 9/24/2015 | 9:08 A.M.  |
| 08/05/2015 | 6:50 P.M.  | 9/01/2015  | 7:19 P.M.  | 9/24/2015 | 11:48 A.M. |
| 08/06/2015 | 12:32 P.M. | 9/03/2015  | 12:02 P.M. | 9/25/2015 | 10:48 A.M. |
| 08/06/2015 | 1:47 P.M.  | 9/04/2015  | 12:53 P.M. | 9/26/2015 | 8:36 A.M.  |
| 08/07/2015 | 8:47 A.M.  | 9/08/2015  | 6:00 P.M.  | 9/28/2015 | 9:01 A.M.  |
| 08/10/2015 | 8:45 A.M.  | 9/09/2015  | 11:12 A.M. | 9/28/2015 | 2:27 P.M.  |
| 08/10/2015 | 1:16 P.M.  | 9/10/2015  | 9:28 A.M.  | 9/28/2015 | 6:51 P.M.  |
| 08/11/2015 | 8:52 A.M.  | 9/12/2015  | 10:54 A.M. | 9/29/2015 | 8:13 A.M.  |
| 08/12/2015 | 3:39 P.M.  | 9/12/2015  | 12:49 P.M. | 9/30 2015 | 8:49 A.M.  |
| 08/12/2015 | 6:27 P.M.  | 9/14/2015  | 5:40 P.M.  | 9/30/2015 | 1:58 P.M.  |

13. The telephone calls listed in Table 1 were willfully or knowingly made to Ms. Ashley's cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1).

14. The ATDS used to make the calls listed in Table 1 has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. On information and belief, the telephone system(s) utilized by Defendants operates as a predictive dialer.

16. When Ms. Ashley was able to answer some of the telephone calls listed in Table 1 there would often be a "robo-voice" on the other line.

17. The telephone calls listed in Table 1 were not made for emergency purposes as detailed by the TCPA, 47 U.S.C. § 227(b)(1)(A)(i).

18. The telephone calls listed in Table 1 were placed to Ms. Ashley's cellular telephone for which Ms. Ashley incurs a charge for incoming calls as detailed by the TCPA, 47 U.S.C. § 227(b)(1).

19. Ms. Ashley repeatedly informed the Defendants, or the Defendants' representatives (including "Gary"), that Ms. Ashley did not wish to be called by the Defendants on Ms. Ashley's cellular telephone.

20. In addition to verbally instructing the Defendants, or their representatives, not to call Ms. Ashley's cellular telephone, Ms. Ashley also instructed DCS, via an e-mail dated August 4, 2015, that Ms. Ashley did not wish to be called by the Defendants on Ms. Ashley's cellular telephone. A true and correct copy of the August 4, 2015 e-mail is attached hereto as Exhibit 1.

21. The Defendants did not have Ms. Ashley's prior, unrevoked consent to contact Ms. Ashley's cellular telephone.

22. In addition to the telephone calls listed in Table 1 the Defendants also willfully communicated with Ms. Ashley by means of text messages to Ms. Ashley's cellular telephone, despite Ms. Ashley's repeated requests that Defendants not contact Ms. Ashley's cellular telephone.

23. In or around September, 2015 Defendants willfully communicated with Ms. Ashley's daughter, Crystal, in an effort to collect the alleged debt despite the fact that Crystal was not associated with Ms. Ashley's account with DSC in any manner whatsoever.

24. Furthermore, Defendants willfully communicated with Ms. Ashley's reference, "Cecilia," in an effort to collect the alleged debt from Ms. Ashley despite Ms. Ashley instructing the Defendants not to do so.

25. Upon information and belief, the Defendants have repeatedly engaged in a pattern and practice of continuing to place calls to consumers who had requested not to receive calls.

26. On November 19, 2014 DAG entered into a consent order (the "Consent Order") with the Consumer Financial Protection Bureau (the "CFPB") for DAGs violations of federal law including, *inter alia*, calling wrong numbers, calling third parties without their consent or after revocation, calling consumers at their workplaces, and calling consumers after being notified that consumers did not wish to be contacted by DAG. In the Matter of DriveTime Automotive Group, Inc. and DT Acceptance Corp., CFPB Administrative Proceeding, File No. 2014-CFPB-0017 (2014); (the "CFPB Order"); available online at http://files.consumerfinance.gov/f/201411_cfpb_consent-order_drivetime.pdf (last visited on January 24, 2018).

27. The CFPB Order applied to DAG and DAG's "subsidiaries, successors and assigns, and its affiliate DT Acceptance Corporation." CFPB Order, ¶ 3(c), at 3. The Defendants in the instant case are bound by the CFPB Order.

28. Pursuant to the CFPB Order the Defendants were required to "not call a particular phone number related to an account if any person has requested, orally or in writing, that DriveTime stop calling such number." CFPB Order, ¶ 61(d), at 15.

29. The CFPB order explicitly instructed the Defendants that a request to cease calls to a consumer must be complied with, whether that request was made orally, or in writing.

V.   **COUNT I – FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATIONS BY DRIVETIME CAR SALES COMPANY, LLC[2]**

30. Ms. Ashley incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 of this Complaint.

31. DCS, both directly and by and through DCS' agent, BCC, by repeatedly contacting Ms. Ashley through the use of an ATDS, despite Ms. Ashley's repeated protestations, by willfully communicating with Ms. Ashley with such frequency as could reasonably be expected to harass Ms. Ashley, including seven (7) calls in one day on September 17, 2015, and by engaging in the debt collection activity described above, engaged in conduct which could reasonably be expected to harass Ms. Ashley in violation of Fla. Stat. § 559.72(7).

32. DCS asserted that DCS had the right to call Ms. Ashley using an automatic telephone dialing system despite having actual knowledge that DCS did not have that right in violation of Fla. Stat. § 559.72(9).

---

[2] The FCCPA states that "[a]n action brought under this section [the FCCPA] must be commenced within 2 years after the date the alleged violations occurred." Fla. Stat. § 559.77(4). For purposes of Count I Plaintiff is only referencing DCS' collection activities occurring within two (2) years prior to the filing of this Complaint.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, DRIVETIME CAR SALES COMPANY, LLC, for:

a. Actual and statutory damages pursuant to Fla. Stat. §559.77;

b. Attorney's fees, litigation expenses and costs of suit pursuant to Fla. Stat. § 559.77;

c. Injunctive relief; and

d. Such other or further relief as the Court deems proper.

## VI. COUNT II – FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATIONS BY BRIDGECREST CREDIT COMPANY[3]

33. Ms. Ashley incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 of this Complaint.

34. BCC, by repeatedly contacting Ms. Ashley through the use of an ATDS, despite Ms. Ashley's repeated protestations, by willfully communicating with Ms. Ashley with such frequency as could reasonably be expected to harass Ms. Ashley, including seven (7) calls in one day on September 17, 2015, and by engaging in the debt collection activity described above, engaged in conduct which could reasonably be expected to harass Ms. Ashley in violation of Fla. Stat. § 559.72(7).

35. BCC asserted that BCC had the right to call Ms. Ashley using an automatic telephone dialing system despite having actual knowledge that BCC did not have that right in violation of Fla. Stat. § 559.72(9).

---

[3] The FCCPA states that "[a]n action brought under this section [the FCCPA] must be commenced within 2 years after the date the alleged violations occurred." Fla. Stat. § 559.77(4). For purposes of Count II Plaintiff is only referencing BCC's collection activities occurring within two (2) years prior to the filing of this Complaint.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, BRIDGECREST CREDIT COMPANY, for:

a. Actual and statutory damages pursuant to Fla. Stat. §559.77;

b. Attorney's fees, litigation expenses and costs of suit pursuant to Fla. Stat. § 559.77;

c. Injunctive relief; and

d. Such other or further relief as the Court deems proper.

### VII. COUNT III – UNLAWFUL USE OF TELEPHONE EQUIPMENT BY DEFENDANTS

36. Ms. Ashley incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 of this Complaint.

37. Defendants willfully and knowingly placed non-emergency telephone calls to Ms. Ashley's cellular telephone using an automated telephone dialing system without Ms. Ashley's prior, unrevoked consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

38. The Defendants were bound by the CFPB Order that they respect a consumer's revocation of any consent with regard to calls to that consumer's cellphone. The Defendants refused to respect Ms. Ashley's repeated requests to stop calling Ms. Ashley and Defendants' violations of the TCPA are knowing and willfull, entitling Plaintiff to treble damages pursuant to 47 U.S.C. § 227(b)(3)(B).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, DRIVETIME CAR SALES COMPANY, LLC and BRIDGECREST CREDIT COMPANY, for:

a. Damages pursuant to 47 U.S.C. § 227(b)(3);

b.    Treble damages pursuant to 47 U.S.C. § 227(b)(3)(C);

b.    Injunctive relief; and

c.    Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury on all claims so triable.

Dated: January 29, 2018.                    Respectfully submitted,

By: **/s/Ryan G. Moore**_____
**Ryan G. Moore** – Florida Bar No. 70038
ryan@beacheslaw.com
**FIRST COAST CONSUMER LAW**
340 Third Avenue South, Suite A
Jacksonville, FL 32250-6767
Tel.: 904-242-7070; Fax 904-242-7054
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 29th day of January, 2018 a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system to:

Jenny N. Perkins
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103
perkinsj@ballardspahr.com
*Attorneys for Defendant*

/s/ Ryan G. Moore_____